The order appealed from by the State dismissing the forfeiture complaint on double jeopardy grounds is reversed. The order appealed from by claimant summarily forfeiting the Porsche automobile and $309 is reversed. We remand for an evidential hearing on all items of property consistent with this opinion.

678 A.2d 745

THE STATE OF NEW JERSEY IN THE INTEREST OF M.C., A JUVENILE.

Superior Court of New Jersey
Chancery Division Morris County
Family Part

Decided August 14, 1995.

*Christopher Quade,* Assistant Prosecutor, on for the State of New Jersey (Morris County Prosecutor's Office).

*Robin C. Schwartz* for the victim and her mother and natural guardian (attorney).

*Patricia S. Kay,* Assistant Public Defender, for the juvenile, M.C.

GANNON, J.S.C.

The issue raised at the time of the disposition in this juvenile delinquency case requires an examination of the authority of the court to order restitution as a condition of probation for certain expenses incurred on behalf of the minor victim and paid for by her mother. The juvenile defendant in this case, M.C., had previously entered a plea of guilty on March 1, 1994, to one count of aggravated criminal sexual contact in violation of *N.J.S.A.* 2C:14–3(a) following the completion of a psychosexual evaluation at the Juvenile Evaluation and Treatment Services Program at Morristown Memorial Hospital. The juvenile defendant later appeared before the court on March 23, 1994 for a dispositional hearing. At that time the court placed the juvenile on probation for a period of two years under conditions which included the payment of restitution, the extent of which and amount was reserved pending further review by the court.

The charge against the juvenile in this case arose out of a course of conduct over a period of several years which started when the unrelated female victim, J.C., was eight years old. M.C. was one of a group of four boys in the neighborhood where J.C. resided and with whom she associated. Over a two year period, M.C. and several other male juveniles sexually abused the victim, J.C.

After discovering the sexual abuse of her daughter, C.H., the mother of J.C., enrolled her in a program of psychotherapy. As part of the program of psychotherapy the victim's mother, C.H. was required to participate in the therapy for the purpose of learning to respond appropriately to her daughter's fears in order to deal with her ongoing revelations of other incidents of sexual abuse. Neither J.C. nor her mother, C.H. were engaged in psychotherapy prior to her revelation of these sexual assaults.

In addition to the psychotherapy, the victim's mother felt it necessary for her to hire individuals to accompany J.C. to and from her school bus stop and to supervise her after school hours when J.C. would be at home alone prior to the return of her mother from work. C.H. is a single parent who receives Social Security benefits for J.C. and felt that it was necessary to hire an adult to supervise her daughter after school, because M.C. continued to live in the same neighborhood following his arrest and he would frequently be seen in the neighborhood, along with the other juveniles who had sexually abused J.C.

The issue presented for this court's determination is whether all of the monetary expenditures for psychotherapy and after school care procured by the victim's mother should be ordered to be paid by the juvenile as restitution in this case. The total out of pocket expenses paid for by C.H. on behalf of herself and her daughter for psychotherapy after reimbursement from her health insurance carrier amounted to $2,380.50. In addition, a total of $500.00 was paid to the adult supervisors for J.C. while her mother was at work before and after school hours.

Counsel for the victim argues that restitution should be permitted pursuant to *N.J.S.A.* 2C:43–3. While instructive, this statute is not determinative in this juvenile delinquency case, since it applies to the disposition of adult criminal offenders under the Code of Criminal Justice who are sentenced pursuant to that statutory scheme. It is noteworthy that 2C:43–3 provides that the court may order restitution by an adult offender to a victim; however, the statute provides that:

The term "victim" shall mean a person who suffers a personal physical or psychological injury or death or incurs loss of or injury to personal or real property as a result of a crime committed against that person, or in the case of a homicide, the nearest relative of the victim.

[*N.J.S.A.* 2C:43–3e.]

A literal reading of this statute indicates that the parent would not be considered a victim under these circumstances and therefore would not be eligible for reimbursement of out of pocket expenses for her own psychotherapy.

The disposition of juvenile delinquency cases is governed by the broader provisions of *N.J.S.A.* 2A:4A–43, which provides that the court may:

Order the juvenile to make restitution to a person or entity who has suffered loss resulting from personal injuries or damage to property as a result of the offense for which the juvenile has been adjudicated delinquent.

[*N.J.S.A.* 2A:4A–43b(9).]

The authority of the court to impose restitution upon a delinquent youth as a condition of probation has long been recognized as an appropriate rehabilitative tool. *State in the Interest of D.G.W.*, 70 *N.J.* 488, 361 *A.*2d 513 (1976).

A fair reading of the juvenile dispositional statutory scheme of this state reveals that the court's authority to order restitution is sufficiently broad enough to permit restitution to be ordered for the parent of a child victim who is traumatized by the events caused by the juvenile delinquent's conduct, to the extent that the juvenile delinquent has the financial ability to make restitution for the harm inflicted. A delinquent juvenile should be required to make restitution to the parents of a child victim when

they sustain financial damages, including the cost of psychological treatment and the protective child care services for escorting the victim to and from her school bus stop as well as for after school care expenses under the facts presented in this case.

This decision is reached by a fair reading of the dispositional statute *N.J.S.A.* 2A:4A–43 which must be read in conjunction with the Crime Victim's Bill of Rights, *N.J.S.A.* 52:4B–34 to –38. *N.J.S.A.* 52:4B–36(c) guarantees that crime victims are entitled "to be free from intimidation." This court is satisfied, based upon a review of the admitted facts in this case, that the juvenile victim of this offense had the right to have necessary services provided for her, including protective child care services, in order to ensure that the child victim's right to be free from intimidation would be protected while the juvenile offender continued to reside in her neighborhood.

In addition, the child victim has a right guaranteed by *N.J.S.A.* 52:4B–36(i) "to be compensated for her loss whenever possible." The court concludes that this creates the right to have psychological treatment provided for the victim, including whatever reasonable expenses may be required for the necessary participation of her parent, which are directly related to the offense and caused by the juvenile offender's conduct.

The juvenile victim, J.C., is entitled to these statutory rights herself, and the fact that these expenses have been paid on her behalf by her mother, who has the legal responsibility to provide for her care and welfare, should not prevent the juvenile victim and her mother from being fully compensated.

The court determines pursuant to *N.J.S.A.* 2A:4A–43(b)(9) that the juvenile M.C. shall make restitution to the victim, J.C., and her mother, C.H., for their entire joint unreimbursed psychological expense in the amount of $2,380.50 and for the $500.00 incurred for protective child care expenses related to this offense. This restitution is to be paid by the juvenile during his probation term under a payment schedule to be determined by the Morris County Probation Department, after consultation with the juvenile

offender and his parents and is subject to further judicial review as to the ability of the juvenile to pay this obligation.